<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| KEVIN EUGENE BURWELL, | : | Civil Action No. 12-5010 (RBK) |
| Plaintiff, | : | |
| v. | : | |
| MCM et al., | : | **MEMORANDUM OPINION** |
| Defendants. | : | **AND ORDER** |

This matter comes before the Court upon the Clerk's receipt of a set of paperwork styled as a motion for summary judgement, <u>see</u> Docket Entry No. 1; that submission arrived accompanied by Plaintiff's application to proceed <u>in forma pauperis</u>, <u>see</u> Docket Entry No. 1-1, and it appearing that:

1.  The Court cannot exercise its jurisdiction over the instant matter for lack of Plaintiff's pleading, since Plaintiff's "motion for summary judgment" – or any other motion -- cannot be equated to a valid pleading enabling jurisdiction.  <u>See</u>, <u>e.g.</u>, <u>Lucente v. New Jersey</u>, Civil Action No. 05-5186 (JBS) (N.J.D.), Docket Entry No. 6 (explaining to the litigant who was refusing to file a pleading and who, instead, was filing "notices" and "motions," that the Court's subject matter jurisdiction is limited to actual pleadings).

2.  Moreover, even if the Court were to construe Plaintiff's "motion for summary judgment" as Plaintiff's civil complaint, such complaint would be subject to dismissal for failure to meet the requirements of Rule 8 of the Federal Rules of Civil Procedure and, in addition, in light of the deficiencies virtually identical to those detailed by this Court in <u>Bey v.</u>

Stumpf, Civil Action No. 11-5684 (RBK) (D.N.J.). The Court, therefore, will direct the Clerk to serve Plaintiff with a copy of this Court's decision entered in Bey v. Stumpf, in order to allow Plaintiff an opportunity to produce a potentially viable civil complaint, drafted clearly and concisely in plaint English, in accordance with the requirements of Rule 8.[1]

3. Finally, in light of Plaintiff's statement that his monthly income is equal to $1,680, see Docket Entry No. 1-1, at 2, Plaintiff's application to proceed in forma pauperis is denied.

   a. The Supreme Court held that one need not be absolutely destitute to qualify for in forma pauperis status. See Adkins v. E. I. DuPont De Nemours & Co., Inc., 335 U.S. 331, 339 (1948). In Adkins, P. V. Adkins brought an action in Oklahoma district court on behalf of himself and twelve other employees of the defendant in which he sought to recover overtime compensation, damages and attorney's fees pursuant to the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C. §§

---

[1] A civil complaint must conform to the requirements set forth in Rules 8(a) and (e). The Rules require that the complaint be simple, concise, direct and set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163, 168 (1993); cf. McNeil v. United States, 508 U.S. 106, 113 (1993) (procedural rules in civil litigation should not be interpreted so as to excuse mistakes by those who proceed without counsel); Burks v. City of Philadelphia, 904 F. Supp. 421, 424 (E.D. Pa. 1995) (pleading which represented a "gross departure from the letter and the spirit of Rule 8(a)(2)" in failing to contain a short and plain statement of claims struck by District Court); Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988) (affirming dismissal of pro se civil rights complaint naming numerous defendants, setting forth numerous causes of action, and numbering fifteen pages and eighty-eight paragraphs). Here, each of the submissions at bar fails to comply with the requirements of Rule 8. "A District courts should not have to read and decipher tomes disguised as pleadings." Lindell v. Houser, 442 F.3d 1033, 1035 n.1 (7th Cir. 2006). A fortiori, the Court has no obligation to weed its way through the thickets of "Marrakush" argot, senseless Latin phrases, references to the treaties having no relation to the factual allegations raised, etc.

201-219, and Executive Order # 9240.  During the course of litigation Adkins died and his wife, having been named administratrix of his estate, was substituted as plaintiff.  The action was subsequently dismissed on its merits and Mrs. Adkins filed a timely motion in district court requesting leave to appeal the matter to the United States Court of Appeals for the Tenth Circuit.  Filed with the motion was a petition to proceed in forma pauperis which contained a supporting financial affidavit.  Adkins stated in the affidavit that she was a widow 74 years of age; the estimated cost of her record on appeal was $ 4,000; all that she owned was a house inherited from her husband which had been appraised at a value of $ 3,450; her only source of income was rent from parts of her home; without such income she would not be able to purchase the necessities of life.  After a series of rulings on the matter the district and appellate courts refused to grant Adkins leave to appeal in forma pauperis pursuant to § 1915, concluding that a party desiring to proceed in forma pauperis  must be able to show that (s)he had contributed virtually his/her last dollar to the cost of litigating his suit.  In reversing the judgment of the court of appeals, the Supreme Court ruled that a federal court should not force a party to prove that (s)he is absolutely destitute before allowing that person to proceed in forma pauperis.  See Adkins, 335 U.S. at 339.  Rather, the decision whether to allow a litigant to proceed in forma pauperis is within the court's sound discretion.  See Kinney v. Plymouth Rock Squab Co., 236 U.S. 43, 46 (1915).  Correspondingly, the standard for granting in forma pauperis status is whether the payment of the fees and costs would be *unduly burdensome*.  Accord

    Souder v. McGuire, 516 F.2d 820 (3d Cir. 1975) (holding that the district court erred denying in forma pauperis application to the litigant who received a $ 7.50 stipend per week: the Court of Appeals held that the amenities that this money could buy did not need to be surrendered in order to litigate the case in forma pauperis).

 b. Here, Plaintiff's in forma pauperis indicates monthly income of $1,680. Plaintiff's payment of $350 filing fee in connection with this matter does not appear unduly burdensome for Plaintiff in light of the amount of his monthly income. Therefore, Plaintiff's application to proceed in this matter in forma pauperis will be denied.

 IT IS, THEREFORE, on this __15th__ day of __October__, 2012,

 ORDERED that the submission docketed as Docket Entry No. 1 is dismissed for lack of jurisdiction or, in alternative, for failure to comply with the requirements of Rule 8 and on the grounds detailed extensively in Bey v. Stumpf, 825 F. Supp. 2d 537, 2011 U.S. Dist. LEXIS 120076 (D.N.J. 2011); and it is further

 ORDERED that Plaintiff's application to proceed in this matter in forma pauperis is denied; and it is further

 ORDERED that the Clerk shall administratively terminate this matter by making a new and separate entry on the docket reading "CIVIL CASE TERMINATED"; and it is further

 ORDERED that administrative termination is not a dismissal on merits, and Plaintiff may have this matter reopened in the event he submit, within sixty days from the date of entry of this

Memorandum Opinion and Order, his filing fee of $350 and his duly executed civil complaint; and it is finally

ORDERED that the Clerk shall serve this Memorandum Opinion and Order upon Plaintiff and shall include in the said mailing: (a) a blank civil complaint form (which the Court strongly urges Plaintiff to utilize in preparation of his pleadings, that is, in the event Plaintiff elects to file a civil complaint); and (b) a copy of the docket entry No. 2 docketed in <u>Bey v. Stumpf</u>, Civil Action No. 11-5684 (RBK) (D.N.J.), which the Court strongly urges Plaintiff to study with utmost care in order to avoid having his civil complaint dismissed as frivolous.

        s/Robert B. Kugler
        **Robert B. Kugler**
        **United States District Judge**